ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (415) 522-3143
Fax No. (415) 522-3425
marcia.mitchell@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GUIDEWIRE SOFTWARE, INC.<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (ADA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Dorit Richardson.  As alleged with greater particularity in the Statement of Claims below, Defendant, Guidewire Software, Inc. (Guidewire) violated Section 102 of the ADA by subjecting Richardson to disability discrimination by failing to provide readily available reasonable accommodations for the hiring process and thereby failing to hire Richardson because of her disability, a hearing impairment.

///

///

1

## JURISDICTION AND VENUE

2      1.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

3  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities

4  Act of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and

5  (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.§ 2000e-5(f)(1) and (3) and

6  pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

7      2.    Defendant committed the alleged unlawful employment practices in Foster City, CA,

8  which is within the jurisdiction of the United States District Court for the Northern District of

9  California.

10

## INTRADISTRICT ASSIGNMENT

11      3.    This action is appropriate for assignment to the San Francisco Division of this Court

12  because the unlawful employment practices alleged were committed in San Mateo County, which is

13  within the jurisdiction of the San Francisco Division.

14

## PARTIES

15      4.    Plaintiff, the Equal Employment Opportunity Commission (EEOC or Commission),

16  is the federal agency charged with the administration, interpretation, and enforcement of Title I of

17  the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C.§

18  12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§

19  2000e-5(f)(1) and (3).

20      5.    At all relevant times, Guidewire Software, Inc. has operated a software company

21  headquartered in Foster City, CA.

22      6.    At all relevant times, Defendant has continuously been an employer engaged in an

23  industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5)

24  and (7).

25      7.    At all relevant times, Defendant has been a covered entity under Section 101(2) of the

26  ADA, 42 U.S.C. § 12111(2).

27  / / /

1

## ADMINISTRATIVE PROCEDURES

2        8.      More than thirty days prior to the institution of this lawsuit, Dorit Richardson filed a

3 charge with the Commission alleging that Defendant discriminated against her in violation of the

4 ADA.

5        9.      By letter dated July 2, 2019, the Commission issued to Defendant a Determination

6 finding reasonable cause to believe that Defendant violated the ADA.

7       10.      The July 2, 2019 Determination also invited Defendant to join with the EEOC in

8 informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide

9 appropriate relief.

10       11.      The EEOC communicated with Defendant to provide Defendant the opportunity to

11 remedy the discriminatory practices described in the EEOC's Determination letter.

12       12.      The EEOC was unable to secure from Defendant a conciliation agreement acceptable

13 to the Commission.

14       13.      By letter dated September 7, 2019, the EEOC issued to Defendant notice that efforts

15 to conciliate were unsuccessful and that further conciliation efforts would be futile or non-

16 productive.

17       14.      All conditions precedent to the institution of this lawsuit have been fulfilled.

18

## STATEMENT OF CLAIMS

19       15.      Dorit Richardson is hearing impaired and has Cochlear implants because of her

20 hearing loss.  The Cochlear implants enable her to hear better, but limit the clarity of sound,

21 particularly over the phone and via online communications such as WebEx.

22       16.      Since at least 1995, Richardson has been substantially limited in one or more major

23 life activities, including but not limited to, the major life activity of hearing.

24       17.      Since at least October 2017, Richardson has been a qualified individual with a

25 disability under Sections 3 and 101(8) of the ADA, 42 US.C. §§ 12102 and 12111(8).

26       18.      In late September 2017, Defendant posted a job announcement for a User Experience

27 (UX) Designer.  The position was listed as a contractor position.

19.     Richardson had the requisite skill, experience and education for Defendant's UX Designer position.  She had more than the three-plus years of prior experience specified in the job description.  She holds certifications in UX design, computer programming and operations, internet programming and development.  She also held similar UX and User Interface (UI) design positions with other companies before applying to work for Defendant.

20.     Richardson was capable of performing the essential functions of the UX Designer position with or without reasonable accommodation.

21.     Richardson applied for the UX Designer position on or about October 3, 2017. Defendant acknowledged her application in writing and informed Richardson that it would contact her "if there is a good match."

22.     On or around October 10, 2017, Defendant's Hiring Manager emailed Richardson to schedule an initial phone screening.  She asked Richardson to select from eight time slots available between October 11 and October 12, 2017.  She also told Richardson to be prepared to use WebEx video conferencing software during the interview to demonstrate her work.

23.     Richardson responded via email that same day, October 10, 2017, indicating her preference to be interviewed on October 12.  Richardson also informed Defendant that she could not be interviewed by phone because her Cochlear implants limited the clarity of sound transmitted through telephones and computers.  Richardson suggested a face-to-face interview instead.

24.     Although Defendant's Recruiting Director concluded that a face-to-face interview was a "reasonable solution for continuing the hiring process," Defendant's Hiring Manager emailed Richardson on October 11, 2017, to ask whether she could use technology known as Relay Conference Captioning (RCC) for a web-based interview.  The Hiring Manager also informed Richardson that she knew some sign language and said she could use sign language to supplement their communications.

25.     Richardson investigated RCC and learned that it was a service used to provide captioning for meetings and other events. Richardson also discovered that she could not immediately create an RCC account online because there was a waiting period to become an authorized user.

26.     Richardson emailed Defendant's Hiring Manager on October 11, 2017, and advised the Hiring Manager that she was not familiar with RCC but was willing to try it.  Richardson asked whether Defendant had an account or whether Richardson needed to establish one.  She informed the Hiring Manager that it would take a few days if Richardson needed to set up the account herself.  Richardson also proposed an alternative which she believed could be faster.  She asked whether Defendant had ever used embedded captioning built into WebEx, the conferencing software referenced by the Hiring Manager in prior emails.  Richardson also explained that she did not use sign language.

27.     Defendant never responded to Richardson's email.

28.     Between October 11 and October 12, Defendant conducted initial phone/WebEx screenings of four other candidates.  None of these candidates requested reasonable accommodations for the screening or for the UX Designer position.

29.     Defendant offered the UX position to one of the candidates on or around November 2, 2017.  The candidate accepted the contractor position.  Defendant later hired the candidate as a full-time, benefitted employee on or around April 16, 2018.

30.     Defendant violated Sections 102 (a), (b)(1) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(1) and (b)(5)(A) by:

        a.      failing to engage in a good faith interactive process to identify reasonable accommodations and failing to implement reasonable accommodations that would have enabled Richardson to participate in the initial screening interview, including but not limited to an in-person interview or closed captioning software, thereby preventing Richardson from competing for the UX Designer position; and,

        b.      failing to hire Richardson for the UX Designer position.

31.     The effect of the practices complained of in paragraphs 14 through 30 above has been to deprive Dorit Richardson of equal employment opportunities and otherwise adversely affect her status as an applicant because of her disability.

32.     The unlawful employment practices complained of in paragraphs 14 through 30

Equal Employment Opportunity Commission
450 Golden Gate Avenue, 5th Floor W., POB 36025
San Francisco, CA 94102

1    above were intentional.

2         33.    The unlawful employment practices complained of in paragraphs 14 through 30

3    above were done with malice or with reckless indifference to the federally protected rights of Dorit

4    Richardson.

5                                    **PRAYER FOR RELIEF**

6         Wherefore the Commission respectfully requests that this Court:

7         A.    Grant a permanent injunction enjoining Guidewire Software, Inc., its officers,

8    servants, employees, attorneys, all persons in active concert or participation with it, and successors,

9    from engaging in any employment practice that discriminates on the basis of disability.

10        B.    Order Guidewire Software, Inc. to institute and carry out policies, practices, and

11   programs which provide equal employment opportunities for qualified individuals with disabilities,

12   and which eradicate the effects of its past and present unlawful employment practices.

13        C.    Order Guidewire Software, Inc. to make whole Dorit Richardson by providing

14   appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other

15   affirmative relief necessary to eradicate the effects of its unlawful employment practices, including

16   but not limited to front pay.

17        D.    Order Defendant to make whole Dorit Richardson by providing compensation for

18   past and future pecuniary losses resulting from the unlawful employment practices described in

19   paragraphs 14 through 30 above, including job search and medical expenses, in amounts to be

20   determined at trial.

21        E.    Order Defendant to make whole Dorit Richardson by providing compensation for

22   past and future nonpecuniary losses resulting from the unlawful practices complained of in

23   paragraphs 14 through 30 above, including emotional pain, suffering, inconvenience, loss of

24   enjoyment of life, and humiliation, in amounts to be determined at trial.

25        F.    Order Guidewire Software, Inc. to pay punitive damages for its malicious and

26   reckless conduct, as described in paragraphs 14 through 30 above, in amounts to be determined at

27   trial.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION          6

1    G.    Grant such further relief as the Court deems necessary and proper in the public

2  interest.

3    H.    Award the Commission its costs of this action.

4    I.    The Commission requests a jury trial on all questions of fact raised by this Complaint.

5  Dated: October 22, 2019                    Respectfully submitted,

6

7  BY: */s/ Roberta L. Steele*　　　　　    SHARON FAST GUSTAFSON
        Roberta L. Steele                   General Counsel
8       Regional Attorney
                                            JAMES L. LEE
9                                           Deputy General Counsel
   BY: */s/ Marcia L. Mitchell*　　　　
10      Marcia L. Mitchell                  GWENDOLYN Y. REAMS
        Supervisory Trial Attorney          Associate General Counsel
11

12  EQUAL EMPLOYMENT OPPORTUNITY            Office of the General Counsel
    COMMISSION                             131 "M" Street NE
13  San Francisco District Office          Washington, D.C. 20507
    450 Golden Gate Ave., 5th Floor West
14  P.O. Box 36025
    San Francisco, CA  94102
15  Telephone No. (415) 522-3143
    Fax No. (415) 522-3425
16  marcia.mitchell@eeoc.gov

17  *Attorneys for Plaintiff*

18

19

20

21

22

23

24

25

26

27

COMPLAINT FOR EMPLOYMENT DISCRIMINATION          7