ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER, SBN 291836 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Avenue, 5th Fl. West
P.O. BOX 36025
San Francisco, CA  94102
Telephone No. (415) 522-3262
James.Baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

SEYFARTH SHAW LLP
Laura Maechtlen (SBN 224923)
lmaechtlen@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
Geoffrey C. Westbrook (SBN 281961)
gwestbrook@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

*Attorneys for Defendant Guidewire Software, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GUIDEWIRE SOFTWARE, INC.<br><br>Defendant. | Case No.: 5:19-cv-06878-LHK<br><br>**CONSENT DECREE** |

/ / /

/ / /

## I. INTRODUCTION

1. On October 22, 2019, Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) filed this action pursuant to the Americans with Disabilities Act of 1990 as amended (ADA) and Title I of the Civil Rights Act of 1991. [ECF No. 1]  Plaintiff alleged that Defendant Guidewire Software, Inc. (Defendant) discriminated against Dorit Richardson because of her disability (deafness) by failing to provide readily available reasonable accommodations for the hiring process and thereby failing to hire her for the User Experience position in October 2017. Defendant filed an Answer to the Complaint on December 30, 2019, denying the claims in the Complaint and asserting defenses, including that it engaged in good faith with Dorit Richardson to identify an available, effective accommodation for her to participate in a screening interview and to be considered for a contract position, and that a qualified candidate was hired for the contract position. [ECF No. 14]

2. The EEOC and Defendant (Parties) want to conclude fully and finally all claims arising out of the above-referenced action, seek to avoid the additional expense, delay, and uncertainty that would result from further litigation of this lawsuit, and agree to the entry of this Consent Decree (Decree).

## II. SCOPE OF THE CONSENT DECREE

3. This Decree shall be binding on and enforceable against EEOC and Defendant and its successors and assigns.

4. The Parties have entered into this Decree to resolve disputed claims. There has not been an adjudication or finding on the merits. The Decree shall not be construed as an admission of liability by Defendant.

## III. SCOPE OF RESOLUTION

5. This Decree completely and finally resolves and discharges all claims made by the EEOC in its Complaint filed in the United States District Court, Northern District of California, on October 22, 2019, in the action captioned *U.S. Equal Employment Opportunity Commission, vs. Guidewire Software, Inc.*; Case No. 5:19-cv-06878-LHK ("Action"). The EEOC hereby releases Defendant with respect to all claims asserted in the Action.

6. Nothing in this Decree shall be construed to limit or to reduce Defendant's obligation

to comply fully with the ADA or any other federal employment statute.

7.      This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges not asserted in the Action that may be in existence or that may later arise against Defendant, in accordance with standard EEOC procedures.

8.      Sections VII, IX, and X apply solely to Defendant's California operations, including its officers, directors, and employees in San Mateo, San Jose and San Diego (collectively, Covered Employees).

**IV.   JURISDICTION**

9.      The Court has jurisdiction over the Parties and the subject matter of this Action. For purposes of resolving disputed claims, the Parties stipulate that the Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree, and that the terms and provisions of this Decree are fair, reasonable, and just.

10.     This Decree conforms with the Federal Rules of Civil Procedure and ADA, and does not derogate the rights or privileges of any non-party to this Decree.

11.     The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to fully implement the relief provided herein.

**V.    EFFECTIVE DATE AND DURATION OF DECREE**

12.     The provisions and agreements contained herein are effective immediately on the date that the Order Entering Consent Decree is filed by the Court (Effective Date).

13.     The Decree shall remain in effect for three (3) years after the Effective Date and will expire on its own terms.

**VI.   GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION**

14.     Upon the Effective Date, Defendant and its officers, agents, employees, and successors and assigns are enjoined from any present or future violations of the ADA that include:

    a.      failing to engage in an interactive discussion with an applicant or employee with a disability to determine the availability of reasonable accommodations, to enable the applicant or employee to apply for a job, or to perform the essential functions of a job, including failing to

explore available reasonable accommodations for the hiring process; and/or

        b.    denying a qualified individual with a disability a reasonable accommodation absent undue hardship or direct threat.

15. During the term of the Decree, Defendant will provide prior written notice to any potential purchaser of Defendant's business, facilities, business units, or other segment of its business, any potential successor that purchases all or a portion of Defendant's assets, and to any other potential successor, about the allegations raised in the EEOC's complaint and the existence and contents of this Decree.

## VII.    SPECIFIC INJUNCTIVE RELIEF

### A.    ADA Expert Consultant

16. Within thirty (30) days of the Effective Date, Defendant shall retain a third party consultant (Consultant) with expertise in the ADA, and related employment policies and practices, to assist Defendant in the review, development and/or revision and dissemination of new and/or revised policies, practices and training consistent with the requirements of this Decree, and compliance with the ADA in hiring and recruiting, and its reasonable accommodation practices.

17. Upon selection of a proposed Consultant, Defendant shall provide materials related to the Consultant's qualifications and expertise, particularly as they relate to and are consistent with advancing the requirements of this Decree, to the EEOC for review and comment. Within fifteen (15) days of receipt of these materials, the EEOC will advise Defendant of any comments. Defendant shall review the comments and act in good faith in response to those comments; however, Defendant has the discretion and authority to select the Consultant, barring any further enforcement action by the EEOC under Section XII to challenge the adequacy of the proposed Consultant's qualifications or expertise. Defendant shall bear all costs of retaining the Consultant for the duration of the Consultant's duties pursuant to this Decree.

18. The Consultant will have access to Defendant's on-line application system, including Jobvite (OAS), and all records, documents, data and other sources of information, including interviews of Defendant's personnel, and information received through https://careers.guidewire.com/ (Website) that may be necessary or appropriate to inform the

Consultant's evaluation and recommendations.

**B.    Policies**

19. Within ninety (90) days of the Effective Date, Defendant, in conjunction with the Consultant, shall develop and/or revise and implement policies and procedures, including policies related to documenting in OAS communications with applicants applying for positions in California and communications regarding their need or perceived need for a reasonable accommodation, as described below.  These policies and procedures will state that they have been revised or developed at the direction and endorsement of the Company's highest levels of management.  The goal of the policies and procedures is to comply with the ADA and to allow a disabled applicant and/or employee a fair opportunity to compete for open positions.  No less than thirty (30) days prior to implementation, Defendant shall provide the revised or new policies and procedures to the EEOC for review and comment.  Within fifteen (15) days of receipt of these policies and procedures, the EEOC will provide comments, including potential changes.  Defendant shall review the comments, and the Parties will work together in good faith to finalize the details of the policies.  Defendant will incorporate the policies and procedures, as relevant, into OAS manuals and directives, as well as into any manager and/or employee handbook or similar documents Defendant may use in-house.

**(a)    ADA Compliance**

20. Defendant's new or revised policies and procedures shall explicitly provide a prohibition against discrimination based on disability and explain an individual's rights and responsibilities under the ADA.  Defendant's anti-discrimination policies shall also include provisions that prohibit retaliation against an individual for engaging in protected EEO activity.

**(b)    Notice to Applicants**

21. Defendant's new or revised policies and procedures shall provide job applicants with multiple means to request reasonable accommodations during the hiring process.  This shall include a prominent notice in Defendant's OAS, and a verbal notice during any prescreen interview, that an applicant may request a reasonable accommodation.  Defendant shall also provide notice of the availability of reasonable accommodations in OAS and notice of the availability of reasonable accommodations in all future recruiting or job announcements (EEO Notice). OAS, and any other

written and verbal notices, shall inform the applicant that a request for reasonable accommodation may be made at any time in OAS, in writing or verbally, advise that an applicant may file an appeal of any denial of an accommodation or rejection of hire based on discrimination, and inform an applicant of the procedure to submit such appeals.

22. The EEO Notice located at the bottom of any page listing a position opening in California on the Website (this page is currently called, Job Details) shall state expressly that applicants seeking assistance or a reasonable accommodation during the application process can request an accommodation verbally by email or by calling a telephone number provided on the Website. This EEO Notice shall be in the same font size as the job description text.

### (c) Reasonable Accommodation Procedures

23. Defendant's new and/or revised policies and procedures shall:

a. provide step by step guidance regarding the process to address a request for reasonable accommodation including an interactive process, thorough review and an individualized assessment of the request by a person with knowledge and experience in the requirements of the ADA;

b. advise all personnel involved in determining reasonable accommodations or in the interactive process that they must not make any assumptions regarding whether the employee or applicant may or may not need an accommodation or what accommodations may be needed to ensure that Defendant does not engage in any harmful stereotyping and misperceptions about the employee or applicant's ability to perform the essential functions of the job;

c. include a process by which an applicant may appeal any denial of an accommodation or a rejection of hire, as set forth more fully in Sections VII.B(d)-(e);

d. include a procedure for documenting all reasonable accommodation requests to include all documents obtained or submitted during the reasonable accommodation review and/or appeal process;

e. identify all personnel responsible for ensuring that reasonable accommodations are processed; and,

f. include a statement directing employees to comply with the new and/or

revised policies and procedures, and informing employees that any violations of the policy will result in appropriate discipline up to and including termination.

24. During its recruitment and hiring of deaf and hard-of-hearing (HOH) applicants, Defendant shall engage in the interactive process to determine which accommodation will be most effective for the applicant.

25. Once Defendant has hired a deaf or HOH employee, it shall engage in the interactive process so that the employee is able to enjoy all the benefits of employment, including having access to reasonable accommodations that allow participation in all important personnel meetings, *e.g.*, meetings regarding performance evaluations, disciplinary actions, promotional opportunities, etc.

26. Defendant shall also inform its deaf and HOH employees that reasonable accommodations may be available to facilitate communications with co-workers or supervisors, depending on the duties of the position involved and other circumstances.

27. Defendant shall also explore with the Consultant, or a third-party designee with expertise in the ADA, any other reasonable accommodations that could be made available on-site to deaf and HOH employees who may occasionally need assistance in performing the non-essential duties of their position, and shall inform employees of such possible reasonable accommodations during the interactive process.

**(d)** **Appeals of Denial of Accommodation Request**

28. Defendant shall inform applicants in writing of any denials of a reasonable accommodation during the hiring process, and inform the applicant of the right to appeal Defendant's decision and the process for doing so. The applicant shall have five (5) business days from the receipt of the notice of denial of an accommodation to submit an appeal. The appeal may be made verbally or in writing. Defendant shall issue a decision on the appeal in writing to the applicant within ten (10) business days of receipt of the appeal. The decisions on appeal shall be determined by an individual other than the person who made the decision to deny the accommodation. Defendant shall notify the Consultant of any appeal and provide copies of all relevant documents within five (5) business days of Defendant's receipt of these documents. Prior to the issuance of the appeal decision, Defendant will provide the Consultant an opportunity to review

Defendant's decision and to provide any needed guidance.

    **(e)**  **Appeals of Rejection from Hire**

  29. Any job applicant who believes Defendant rejected their application due to disability discrimination shall have the right to appeal the decision. The applicant shall be informed of the process as part of the written communication (email or letter) advising the applicant of their non-selection. Defendant shall give the applicant five (5) business days from the receipt of the notice of rejection to submit an appeal. The appeal may be made verbally or in writing. Defendant shall issue a written decision on the appeal to the applicant within ten (10) business days of receipt of the appeal. The decisions on appeal shall be determined by an individual other than the person who made the decision to reject the applicant. Defendant shall notify the Consultant of any appeal and provide copies of all relevant documents within five (5) business days of Defendant's receipt of these documents. Prior to the issuance of the appeal decision, Defendant will provide the Consultant an opportunity to review its decision and to provide any needed guidance.

   **C.**  **Policies Designed to Promote Accountability**

  30. Following the conclusion of the interactive process with a job applicant who seeks accommodation for the hiring process, including any appeal, a Human Resources representative will meet (in person or virtually) with the managers involved to discuss Defendant's ADA policies, provide feedback on their performance in the process, and recommend best practices. The results of the discussion, including any finding of a violation of Defendant's ADA policy and disciplinary decisions, will be in writing and will be lodged in employees' personnel files.

  31. Defendant shall advise Human Resources personnel and Hiring Managers that their violations of Defendant's policies shall result in appropriate discipline up to and including termination.

   **D.**  **Dissemination of Revised Policies to Employees**

  32. Defendant shall disseminate, within one hundred and twenty (120) days of the Effective Date, all new and/or revised policies developed pursuant to this Decree to all Covered Employees. Defendant shall furthermore make the policies available in any manager and/or employee handbook or similar documents Defendant may use in-house. Defendant shall provide

new Covered Employees copies of all policies required by this Decree within (15) business days of hire.  All employees who receive the policies shall sign and date an acknowledgement verifying their receipt.  Defendant shall maintain these acknowledgements for the duration of this Decree.

### E.     Future Policy Modifications

33.     In the event that Defendant modifies any of the policies required by this Decree during its duration, Defendant shall submit to the EEOC for its review and comment the proposed modifications no later than thirty (30) days before adoption.  The EEOC will notify Defendant within fifteen (15) days of receipt of the proposed modifications if it has any concerns about the proposed modifications.

### F.     Training

34.     As described more specifically below, within one hundred twenty (120) days of the Effective Date, the Consultant, or qualified third-party designee with expertise in the ADA, will develop and/or revise separate in-depth training programs at Defendant's own cost for: (1) Human Resources personnel who may directly communicate with job applicants and/or participate in hiring decisions in California (HR Personnel); (2) California managers who may communicate with job applicants and/or participate in hiring decisions (Hiring Managers); and (3) California employees who are not HR Personnel or Hiring Managers (hereafter, Other Covered Employees), specifically covering applicants' and employees' rights under the ADA.  Within one hundred twenty (120) days after the Effective Date, Defendant shall submit to the EEOC a description of all trainings to be provided pursuant to Section VII(F)(a)–(b) of this Decree.  The EEOC may provide comment within fifteen (15) days regarding the description.

**(a)     HR Personnel and Hiring Managers**

35.     Defendant shall provide one live, two-hour training annually to HR Personnel and Hiring Managers.  The purpose of the training is to ensure that HR Personnel and Hiring Managers understand applicants' and employees' rights under the ADA and that they are competent to use the newly developed ADA training materials to train Defendant's managerial and hourly staff.  HR Personnel and Hiring Managers who are unable to attend the live training may view a recording of it.

36.     The training for HR Personnel and Hiring Managers shall include specific instruction

on Defendant's new and/or revised policies prohibiting discrimination based on disability and concerning reasonable accommodations, and must include sample scenarios specifically related to the hiring and accommodation of deaf applicants and employees.  The training shall provide scripts for appropriate questions to be used during prescreens and interviews, including prompts regarding how and when to determine whether an accommodation is appropriate for an applicant with a known disability, the availability of reasonable accommodations, the means for requesting an accommodation, and guidelines illustrating what to do when an applicant makes such a request or when a Hiring Manager believes an accommodation might be warranted.  The training shall also inform each participant that he or she is responsible for knowing and complying with the contents of Defendant's anti-discrimination policy, including Defendant's policies on the ADA and reasonable accommodations, as well as Defendant's complaint and applicant appeal procedures and retaliation. The training will further inform each HR Personnel and Hiring Manager that he or she will be evaluated on compliance with the ADA.  Attendees will be presented with questions and other prompts to ensure active participation throughout the training.  The training will conclude by providing the name and contact information of a senior manager with Defendant to contact with questions following the training. The initial training shall be provided within hundred fifty (150) days of the Effective Date.

37.   Thereafter, newly hired HR Personnel and Hiring Managers, and those promoted to an HR Personnel or a Hiring Manager position shall review a recording of the live training prescribed above within fifteen (15) business days of hire or promotion.  Defendant shall provide the trainees with the name and contact information of a senior manager with Defendant to contact with questions following the training.

### (b)   Other Covered Employees

38.   Within one hundred fifty (150) days of the Effective Date, the Consultant, or qualified third-party designee with expertise in the ADA, and Human Resources Personnel will provide a professionally developed, interactive web-based ADA training for Other Covered Employees to ensure that they understand the ADA and the rights it provides to them as employees.

39.   Thereafter, Defendant will require newly-hired Other Covered Employees to

complete the web-based ADA training within fifteen (15) business days of hire.

   **(c) Annual Training Requirement**

  40. Defendant's ADA training for its managers, supervisors and hourly employees, described above, shall be conducted annually throughout the duration of the Decree.

   **(d) Monitoring Training Attendance**

  41. Defendant shall ensure that all participants at the training sessions required by this Decree sign attendance sheets, and/or electronic acknowledgements, to certify participation in all training conducted as a result of this Decree. Defendant shall maintain these records for the duration of the Decree.

   **(e) Future Training Modifications**

  42. For all subsequent training sessions, if the training materials are materially changed, Defendant shall provide the EEOC with a description of the changes no later than thirty (30) days prior to use. The EEOC may provide comment within fifteen (15) days regarding the material revisions.

## VIII. MONETARY RELIEF

  43. In settlement of the EEOC's claims in this lawsuit, Defendant shall pay the total amount of $200,000 (two hundred thousand dollars and no cents) (Settlement Sum).

  44. The proceeds from the Settlement Sum shall be characterized as follows:

   a. $60,000 (sixty thousand dollars and no cents) shall be characterized as alleged lost wages, for which Defendant shall make the appropriate withholdings and issue a timely IRS Form W-2 to Mrs. Richardson; and,

   b. $140,000 (one hundred forty thousand dollars and no cents) shall be characterized as alleged compensatory damages, for which Defendant shall issue a timely IRS Form 1099 to Mrs. Richardson.

  45. Mrs. Richardson shall provide a completed IRS Form W-4 and Form W-9, as well as her bank name, account number, and routing number to Defendant within five (5) business days of the Effective Date, to allow Defendant to make the appropriate withholdings and payments.

  46. Defendant shall make all Settlement Sum payments via ACH to Mrs. Richardson

1  within fifteen (15) days of the Effective Date.

2      47.    Defendant shall send written confirmation of payment to Plaintiff EEOC at [EEOC-SFDO_COMPLIANCE@eeoc.gov](mailto:EEOC-SFDO_COMPLIANCE@eeoc.gov) within two (2) days of payment.

    48.    Defendant will not condition the receipt of the Settlement Sum on Mrs. Richardson's agreement to: (a) maintain as confidential the terms of this Decree, (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency, (c) release her rights under any law other than the ADA, or (d) waive her right to apply for a position with the Defendant in the future.

## IX.  NOTICE

    49.    Within thirty (30) days after the Effective Date, Defendant shall post for the duration of this Decree, in a prominent place at each of its California offices, the notice attached as Exhibit A. The notice shall be the same type, style, and size as Exhibit A. The notice shall be replaced if it is removed or becomes defaced. Defendant shall certify to the EEOC in writing that the Notice has been posted and the location of the posting within ten (10) days of posting.

## X.  COMPLIANCE AND REPORTING

    50.    Defendant shall provide annually to the EEOC the following reports:

    a.    Defendant shall provide the following information for any individual in California who (a) made a request for reasonable accommodation during the hiring process, (b) was rejected from hire after requesting a reasonable accommodation, regardless of whether the accommodation was granted, and/or (c) complained that they were rejected from hire due to discrimination:

    i.    Name, address, phone number and email address of the individual who requested an accommodation or made a complaint;

    ii.    A report of the nature of the request, a detailed explanation of any response/action Defendant took and a summary of any appeal; and,

    iii.    Name(s) and title of each individual(s) who received and/or addressed a request for accommodation during the hiring process or was involved in processing of an appeal of the denial of a reasonable accommodation or rejection from hire as set out is Section VII.B(d) or

(e) above, including an explanation of the role each individual played during the process.

  b. Defendant shall verify and confirm by declaration that Defendant has met the notice requirements described in Section IX.

  c. Defendant shall verify and confirm by declaration that Defendant has met the training requirements and provided the information about its reasonable accommodation policies, and practices and procedures, as described in Section VII.B.

  d. Copies of the written discussions concerning the interactive process for job applicants, including any findings of policy violations and disciplinary decisions, as described in Section VII.C.

51. Defendant's annual report shall address the preceding 12 months and is due to the EEOC ten (10) business days following the anniversary of the Effective Date, except that the final report shall be due on the anniversary of the Effective Date. Defendant shall submit all foregoing reports and declarations by email to: EEOC-SFDO_COMPLIANCE@eeoc.gov.

## XI. MODIFICATION AND SEVERABILITY

52. This Decree constitutes the full, complete, and integrated understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree shall be effective unless made in writing and signed by an authorized representative of each Party, and approved by the Court.

53. If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes. In any such event, the remaining provisions will remain in full force and effect.

## XII. DURATION OF CONSENT DECREE AND CONTINUED JURISDICTION

54. This Court shall retain jurisdiction over this action during the duration of this Decree for the purpose of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein. The procedures described below are not intended to diminish this Court's inherent power to enforce any provision of this Decree.

55. This Consent Decree shall automatically expire three (3) years after the Effective Date without further action by the Parties, provided that Defendant has complied with the terms of this Decree.

56. Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendant fails to comply with the applicable terms of the Decree. If the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree, the EEOC may petition or may bring an action before this Court to enforce the Decree. Prior to initiating such petition or action, the EEOC will notify Defendant, in writing, of the nature of the alleged breach of the Decree. Defendant shall have sixty (60) days from receipt of the EEOC's written notice of the alleged breach to resolve or cure the alleged material breach, unless the Decree will expire in less than 60 days from the EEOC's written notice. The sixty-day (60-day) period following written notice shall be used by the parties in good faith to resolve the issue. If, after sixty (60) days have passed with no resolution or agreement to extend the time further, the EEOC may petition or bring an action before this Court for compliance with this Decree. If the EEOC petitions the Court and the Court finds Defendant to be in substantial violation of the terms of the Decree, the Court may extend the duration of the Consent Decree. Defendant may petition or bring an action before this Court to enforce the Decree, subject to the same informal resolution process as described in this paragraph.

57. There is no private right of action to enforce Defendant's obligations under the Decree. Nothing in this Decree shall be deemed to create any rights on the part of Non-Parties to enforce this Decree. The right to seek enforcement of this Decree is vested exclusively in the Parties.

**XIII. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE**

58. Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree.

**XIV. COSTS AND ATTORNEYS' FEES**

59. Each Party shall bear its own costs of suit and attorneys' fees.

## XV. COUNTERPARTS AND FACSIMILE SIGNATURES

60. This Decree may be signed in counterparts. An electronic signature shall have the same force and effect of an original signature or copy thereof.

Dated: July 22, 2020

| | |
|---|---|
| BY: */s/ Roberta L. Steele*<br>    ROBERTA L. STEELE<br>    Regional Attorney<br><br>    MARCIA L. MITCHELL<br>    Supervisory Trial Attorney<br><br>    JAMES H. BAKER<br>    Trial Attorney<br><br>U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>San Francisco District Office<br>450 Golden Gate Ave., 5th Floor West<br>P.O. Box 36025<br>San Francisco, CA  94102<br><br>*Attorneys for Plaintiff EEOC* | SHARON FAST GUSTAFSON<br>General Counsel<br><br>ROBERTA A. CANINO<br>Acting Deputy General Counsel<br><br>GWENDOLYN Y. REAMS<br>Associate General Counsel<br><br>Office of the General Counsel<br>131 "M" Street NE<br>Washington, D.C. 20507 |
| BY: */s/ Geoffrey C. Westbrook*<br>    GEOFFREY C. WESTBROOK<br><br>*Attorneys for Defendant Guidewire Software, Inc.* | SEYFARTH SHAW LLP<br>400 Capitol Mall, Suite 2350<br>Sacramento, California 95814-4428 |

### LOCAL RULE 5-1(i)(3) ATTESTATION

I, James H Baker, am the ECF User whose ID and password are being used to file the foregoing document. In compliance with Local Rule 5-1(i)(3), I hereby attest that Roberta Steele and counsel for Defendant concurred in this filing.

Dated: July 22, 2020

By:  */s/ James H. Baker*
     JAMES H. BAKER

# EXHIBIT A

## NOTICE TO EMPLOYEES

A federal agency called the U.S. Equal Employment Opportunity Commission (EEOC), and Guidewire Software, Inc. (Guidewire) have settled a lawsuit brought by the EEOC involving allegations that Guidewire failed to accommodate and hire a job applicant. The title of the lawsuit is: *U.S. Equal Employment Opportunity Commission vs. Guidewire Software, Inc.*; Case No.: 5:19-cv-06878-LHK.

The American With Disabilities Act (ADA) makes it unlawful for an employer to refuse to hire or otherwise exclude or disqualify any applicant or employee based on their disability without first determining whether there is a reasonable accommodation that will enable the applicant or employee to participate in the hiring process and/or perform the essential functions of the job s/he seeks or holds.

Guidewire will remind and train employees responsible for determining whether an employee is entitled to a reasonable accommodation about their legal obligations and responsibilities. Guidewire will swiftly respond to any such acts of discrimination about which it becomes aware; will impose appropriate discipline designed to deter future acts of discrimination, harassment or retaliation; and will actively monitor its workplaces to ensure that its facilities are free from employment discrimination.

If you have any questions or feel you need a reasonable accommodation, or were denied such an accommodation you can follow the complaint process in your handbook, or you can contact the EEOC. The EEOC is the federal agency that protects employees from discrimination. Talking to the EEOC is free and the agency has employees who speak different languages including English, ASL, Spanish and many other languages.

Individuals are free to make complaints of employment discrimination directly to the EEOC. The EEOC enforces the federal laws prohibiting employment discrimination. More information about the EEOC is available at www.eeoc.gov or (800) 669-4000/(800) 699-6820 (TTY for Deaf/Hard of Hearing callers only).

This posting is an official notice, and by order of the court it must not be defaced or obscured.